UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

Case No. _____

| | |
|---|---|
| YOLANDA L. COPELAND, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **COMPLAINT** |
| ) | |
| CITY OF HARTSVILLE, ) | |
| CITY OF HARTSVILLE POLICE ) | (JURY TRIAL DEMANDED) |
| DEPARTMENT, ) | |
| ) | |
| Defendants. ) | |
| ) | |

This action is brought to remedy discrimination, harassment and retaliation on the basis of sex and race in the terms, conditions and privileges of employment, and to remedy retaliation against an employee for activity protected under Title VII, all in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§2000e *et seq.* (*"*Title VII"*).

This is also an action brought to remedy claims of defamation, conspiracy, and interference with economic relations and negligence.

This Court has jurisdiction of this matter under 42 U.S.C. §2000e-5(f), and under 28 U.S.C. §1331 and 1343(4). This Court has supplemental jurisdiction over the state claim pursuant to 28 U.S.C. §1367.

Venue is appropriate in this Court pursuant to 28 U.S.C. §1391(b) because the City is located within the District of South Carolina, Florence Division, and a substantial part of the events and

1

omissions giving rise to Plaintiff's claims occurred, and continue to occur, within the District of South Carolina, Florence Division.

The Plaintiff would show unto this Honorable Court as follows:

1. Plaintiff is a female citizen of the United States and a resident of the City of Hartsville in Darlington County, South Carolina.

2. Plaintiff is informed and believes that Defendant, City of Hartsville is a municipal agency operating under the laws and Constitution of the State of South Carolina.

3. On information and belief, at all times relevant to the allegations in this Complaint, the City, on behalf of the City of Hartsville and City of Hartsville Police Department, has purchased liability insurance; and the City was authorized to and did waive any immunity from civil liability under state or federal causes of action by purchasing liability insurance, either by contract with an insurance company or by participation in an insurance risk pool that covers the claims of this lawsuit.

4. Defendant is an employer within the meaning of 42 U.S.C. §2000e-(b).

5. On or about November 10, 2015, the South Carolina Human Affairs Commission issued Plaintiff a notice informing her of her right to sue Defendant; and December 11, 2015, the Equal Employment Opportunity Commission issued its notice to Plaintiff.

6. Plaintiff has complied fully with all prerequisites to jurisdiction in this Court under Title VII, filed a timely charge of race and sex discrimination and retaliation, and timely brings this action.

7. Plaintiff had been employed with Defendant, City of Hartsville Police Department, from July 11, 2012, to January 10, 2015, as a police officer and performed satisfactorily.

8. Plaintiff filed a charge of discrimination based on sex and race, because of the following events occurring from 8/14/2014 to 1/10/2015:

    a. Defendant created or allowed a hostile work environment as a result of numerous employees spreading false rumors about Plaintiff being involved in a sexual relationship with a co-worker.

    b. Plaintiff reported the defamatory statements to Management who took no effective action against her co-workers and who advised Plaintiff to have "tougher skin".

    c. Lt. Blair retaliated against Plaintiff by taking her keys and locking her purse in a patrol car; and Management transferred Plaintiff to a position with a schedule that Plaintiff was unable to work and with a Principal who had a bias against Plaintiff.

    d. Plaintiff became distressed once the defamatory allegations of co-workers were made public; said allegations affected her husband and her marriage; and she was subjected to a hostile work environment until she was constructively discharged on January 10, 2015.

    e. Plaintiff has been unable to secure similar employment and believes she is receiving negative references from Defendants.

9. Plaintiff is aware of similarly situated black female officers, such as Sonya Whack, who left employment due to discriminatory treatment.

10. Plaintiff is aware of white male employees similarly situated who were not subjected to allegations of marital affairs, whose complaints were not disregarded and who were not transferred to positions that management knew they would be unable to work.

11. Defendants knew or should have known of the discrimination and retaliation Plaintiff was subjected to, and did nothing to properly investigate or address Plaintiff's complaints or the actions of Plaintiff's co-workers.

12. As a result of the acts of discrimination and retaliation within Defendants' employment practices and work environment, Plaintiff has suffered loss of employment position, compensatory damage, emotional harm, as well as harm to her reputation.

13. Defendants' acts of discrimination within Defendants' employment practices and work environment were performed with malice and reckless indifference to Plaintiff's protected civil rights.

14. Defendants' facially neutral policies and procedures were applied in a discriminatory and retaliatory manner, and in a manner which had a disparate impact on Plaintiff and other African Americans similarly situated.

## COUNT I
### (TITLE VII VIOLATION)

15. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1-14 of this Complaint with the same force and effect as if set forth herein.

16. The foregoing actions of Defendants discriminated against Plaintiff because of her race and sex, and retaliated against Plaintiff because of her complaints in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-2.

17. Plaintiff has suffered injury, including immediate and irreparable injury, as a direct and proximate result of the Defendants' violation of all said rights as alleged herein.

## COUNT II
### (DEFAMATION)

18. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1-17 of this Complaint with the same force and effect as if set forth herein.

19. Plaintiff has also been the victim of defamation due to ill will and personal animosity by Tasha Brown towards Plaintiff. It is believed that Defendants, through agents Tasha Brown and Plaintiff's supervisors, distributed false, malicious and slanderous statements to co-workers and the public about Plaintiff being terminated for alleged sexual harassment. As a result of defamation, Plaintiff suffered a loss of reputation, shame, mortification, and loss of public trust.

20. Plaintiff has suffered injury, including immediate and irreparable injury, as a direct and proximate result of the Defendants' violation of all said rights as alleged herein.

## COUNT III
### (CIVIL CONSPIRACY)

21. The Plaintiff incorporates by reference all previous allegations of fact and law as if repeated herein.

22. Defendant is vicariously liable for the acts and omissions of Defendants and its individual employees acting within the course and scope of employment and outside the scope of employment.

23. Numerous individual employees of Defendants, in their acts and omissions, combined and joined with each other for the purpose of injuring and causing special damage to Plaintiff.

24. As a result of Defendants' willful, wanton and grossly negligent acts and omissions, the Plaintiff has suffered special harm and damages arising directly from the acts and omissions described above and as hereinafter set out.

## COUNT IV
### (TORTIOUS INTERFERENCE WITH CONTRACT OR PROSPECTIVE CONTRACT/ECONOMIC RELATIONS)

25. Plaintiff hereby and incorporates each and every allegation, contained in preceding paragraphs as fully as realleges if set forth herein verbatim.

26. That the Defendants, individually and through their agents and employees, intentionally interfered with Plaintiff's economic relations in their acts and omissions.

27. This caused Plaintiff to be forced from job opportunity and lose opportunities for career advancement and enhance future retirement.

28. That the Defendants' purpose for their actions was to retaliate, humiliate, harass, harm, and embarrass the Plaintiff.

29. That as a direct and proximate result of the Defendants' actions, Plaintiff was damaged by way of lost employment and opportunities for advancement and enhance future retirement.

## COUNT V
## (NEGLIGENCE)

30. Plaintiff hereby realleges and incorporates each and every allegation, to the extent not inconsistent, contained in the preceding paragraphs as fully set verbatim herein.

31. That the Defendants had a duty to follow their rules and regulations and to ascertain the truth and to not allow employees to disseminate falsehoods or misleading statements, and were, at the times and places above mentioned, negligent, grossly negligent, wanton, willful and careless in one or more of the following particulars:

    a. In failing to ascertain or attempting to ascertain the truth pertaining to Plaintiff's integrity and character;

    b. In broadcasting, disseminating, distributing, mailing, posting, announcing and/or otherwise making defamatory and slanderous statements concerning the Plaintiff;

    c. In creating and/or procuring, false materials pertaining to the Plaintiff's character;

    d. In making false and slanderous statements without privilege; and,

    e. In improperly subjecting Plaintiff to hostile work environment in violation of its own policy.

32. That as a direct and proximate result of the aforesaid acts and omissions, the Plaintiff suffered great professional injury, lost job and opportunities, emotional and mental

anguish, diminished future earning capacity and enjoyment of life, and will now and in the future cause her to suffer anxiety, all to her general damages and detriment.

33. That the Plaintiff is informed and believes that she is entitled to judgment against the above named Defendants, for actual and consequential damages in an amount to be determined by the trier of fact.

**WHEREFORE**, Plaintiff respectfully prays that this Court:

A. Award Plaintiff, under Title VII, reinstatement, back pay and other compensatory and punitive damages in an amount to be determined by a jury, as well as damages for allowable state claims;

B. Award Plaintiff, under 42 U.S.C. §2000e-5(k), reasonable attorney fees and costs of this action; and,

C. Award Plaintiff such other and further relief as this Court deems just and proper.

WUKELA LAW FIRM

By:    s/   Pheobe A. Clark
**Pheobe A. Clark**
Federal ID No.  9888
Post Office Box 13057
Florence, SC   29504-3057
Phone: (843) 669-5634
January 7, 2016                                  Fax:    (843) 669-5150